HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL PAUL FREE and HAK SUK FREE, | CASE NO. C15-5139 RBL |
| Plaintiffs/Counterclaim Defendants, | ORDER |
| v. | [DKT. #44] |
| DEUTSCHE BANK TRUST COMPANY AMERICAS, et al., | |
| Defendants, | |
| DEUTSCHE BANK TRUST COMPANY AMERICAS, et al., | |
| Counterclaim Plaintiff/Third Party Plaintiff, | |
| v. | |
| MICHAEL PAUL FREE and HAK SUK FREE; TIMBERLAND BANK; BOEING EMPLOYEES' CREDIT UNION; ALL OCCUPANTS OF THE PROPERTY COMMONLY KNOW AS 2066 TAYLOR STREET, MILTON, WA 98354, | |
| Counterclaim Defendants/Third Party Defendants | |

ORDER - 1

1    THIS MATTER comes before the Court on Third Party Defendant Timberland Bank's
2 Motion to Dismiss the Third Party Complaint [Dkt. #44]. This case arises from the Frees' 2003
3 residential mortgage loan with Deutsche Bank, secured by a first position deed of trust on the
4 Frees' Milton, Washington home. The Frees defaulted on their loan in 2010 and sought to reduce
5 their mortgage payments by extending the loan term from 15 to 30 years. They attempted
6 mediation with Ocwen Loan Servicing to negotiate the terms of a revised loan but were unable to
7 agree, due, they claim, to Ocwen's bad faith.

8    The Frees sued Deutsche Bank, Residential Funding Company, and Ocwen in April 2015
9 to prevent foreclosure and for damages based on alleged violations of Washington's Consumer
10 Protection and Foreclosure Fairness Acts. They also seek damages for negligent and intentional
11 infliction of emotional distress.

12    Deutsche Bank counterclaimed to judicially foreclose on its security interest. It named
13 two other lenders with junior liens on the property, Timberland Bank and Boeing Employees'
14 Credit Union, as Third-Party Defendants. It also claims that, to the extent the fact of a debt
15 caused the Frees' emotional distress, their other lenders are also liable for that distress.
16 Timberland and BECU seek dismissal of Deutsche Bank's third-party claim, arguing that it
17 cannot show that they are liable to Deutsche for any part of the Frees' claims against it.

18    A motion to dismiss may be granted based on either the lack of a cognizable legal theory
19 or the absence of sufficient facts alleged under a cognizable legal theory. *See* Fed. R. Civ. P.
20 12(b)(6); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

21    As to the emotional distress claim, the third-party banks are correct.  The Frees' claim
22 that Ocwen caused them emotional distress is not a legitimate basis for Ocwen (or Deutsche) to
23 join in the lawsuit every person or entity that may also have contributed to that distress. Other
24

creditors, family members, colleagues and the like are not properly joined simply because they may too have contributed to the plaintiffs' emotional distress. There is no legal or logical basis for naming every entity which may impact a plaintiff's emotional health. The allegation is not supported by the Frees' Amended Complaint [Dkt. #19]. Timberland Bank and BECU are not properly added as Third-Party Defendants on this basis.

On the other hand, Deutsche Bank's foreclosure counterclaim is proper, and neither Timberland nor BECU seriously claims that a foreclosing lender cannot name as a defendant (or third-party defendant) junior lien holders.  It is not difficult to imagine that these lenders routinely do just that where they are the "first place lender" on a defaulted loan. In order to judicially foreclose on the Frees' property, Deutsche Bank is entitled to extinguish junior lien holders' interests. Timberland Bank and BECU are proper Third-Party Defendants on this claim.

Third-Party Defendant Timberland Bank's Motion to Dismiss [Dkt. #44] is GRANTED as to dismissal of Deutsche Bank's claims regarding contribution to the Frees' emotional distress, and DENIED with regard to its judicial foreclosure claim.

IT IS SO ORDERED.

Dated this 30th day of November, 2016.

Ronald B. Leighton
United States District Judge