HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL PAUL FREE & HAK SUK FREE,<br><br>  Plaintiffs/Counterclaim Defendants,<br><br>  v.<br><br>DEUTSCHE BANK TRUST COMPANY<br>AMERICAS, et al.,<br><br>  Defendants,<br><br>DEUTSCHE BANK TRUST COMPANY<br>AMERICAS, et al.,<br><br>  Counterclaim Plaintiff/Third Party Plaintiff,<br><br>  v.<br><br>MICHAEL PAUL FREE and HAK SUK<br>FREE; TIMBERLAND BANK; BOEING<br>EMPLOYEES' CREDIT UNION; ALL<br>OCCUPANTS OF THE PROPERTY<br>COMMONLY KNOWN AS 2066 TAYLOR<br>STREET, MILTON, WA 98354,<br><br>  Counterclaim Defendants/Third Party<br>Defendants | CASE NO. 3:15-cv-05139<br><br>ORDER<br><br>[DKT. #s 49, 56, 58] |

1    THIS MATTER is before the Court on the following motions: Defendants' motion for

2    summary judgment [Dkt. #49], the Chapter 7 bankruptcy trustee's motion to amend and

3    substitute himself as the real party in interest [Dkt. #56], and Plaintiffs' motion for continuance

4    of oral argument on defendant's summary judgment motion [Dkt. #58]. The case arises from the

5    Frees' 2003 residential loan from Deutsche Bank, secured by a first position deed of trust on the

6    Frees' Milton, Washington home. In 2009, the Frees' income declined when Mr. Free became

7    physically unable to work. As a result, the prior loan servicer, GMAC Mortgage, granted the

8    Frees a loan modification. In 2011, the Frees defaulted on the loan. The following year, they

9    again sought to reduce their mortgage payments by extending the loan term from 15 to 30 years.

10   The Frees attempted mediation with Defendant Ocwen Loan Servicing to negotiate revised

11   terms, but they claim Ocwen did not mediate in good faith. The parties did not agree on a loan

12   modification.

13   In 2013, the Frees filed for Chapter 7 bankruptcy. The Frees listed three loans (including

14   the 2003 Deutsche Bank mortgage loan) totaling about $1,000,000 in their Chapter 7 Bankruptcy

15   Schedules. But they did not identify any claims against the Defendants in this case. The Frees

16   obtained a discharge, avoiding personal liability for the loans. Shortly thereafter, the Frees

17   sought Chapter 13 bankruptcy protection to avoid the second and third loans altogether, but were

18   ultimately forced to dismiss that case. They disclosed the claims they assert here in their Chapter

19   13 bankruptcy filings.

20   In April, 2015, the Frees sued Deutsche Bank, Residential Funding Company, and Ocwen

21   to prevent a pending foreclosure, and for damages, claiming violations of Washington's

22   Consumer Protection and Foreclosure Fairness Acts. They also seek damages for negligent and

23

24

intentional infliction of emotional distress. The Frees have been represented by the same attorney in the two bankruptcy filings and this case.

Defendants Deutsche Bank and Ocwen seek a judgment of foreclosure on their judicial foreclosure claim, and the dismissal of the Frees' claims. They argue[1] that the Frees' claims are barred by the doctrine of judicial estoppel because, despite their duty to identify every asset or claim in their Bankruptcy Schedules, the Frees failed to identify any claims against defendants in their Chapter 7 bankruptcy case. They argue the Frees' claims fail because they have no legal entitlement to a loan modification. And they argue that the Frees' emotional distress claims are barred by the economic loss rule—generally, that one cannot get emotional distress damages for breach of contract.

After the Defendants filed their motion, the Frees told their Chapter 7 trustee, Mark Waldron, about their lawsuit and the fact they had failed to disclose their claims in the Chapter 7 bankruptcy case. Waldron asked the Bankruptcy court to re-open the Frees' Chapter 7 Bankruptcy, and it agreed. Waldron responded to the Defendants' motion in this case, and asks the Court allow him to substitute in as the real party in interest. [Dkt. #56]. Waldron argues that the Frees' failure to list their claims does not support judicial estoppel against the trustee. Waldron's response does not address the Defendants' remaining arguments.

Third-party defendant Timberland Bank opposes the Defendants' motion, arguing that reopening the Frees' Chapter 7 bankruptcy case "apparently" stayed the action. It also argues

---

[1] Defendants also argue the Frees' injunctive relief claim is moot because there is no non-judicial foreclosure pending.

1    that the amount the Frees actually owe[2] is an issue of material fact.

2        The filing of a bankruptcy petition creates an estate that generally includes "all legal or

3    equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C.

4    § 541(a)(1). Any causes of action that accrue to the debtor prior to the filing of the bankruptcy

5    petition are property interests included in the estate. *Sierra Switchboard Co. v. Westinghouse*

6    *Elec. Corp.* (*In re Sierra Switchboard*), 789 F.2d 705, 707 (9th Cir. 1986) (citations omitted). A

7    cause of action need not be formally filed prior to the commencement of a bankruptcy case to

8    become property of the estate. *Cusano v. Klein*, 264 F.3d 936 (9th Cir. 2001). After a claim

9    becomes part of the bankruptcy estate, only the bankruptcy trustee, as representative of the

10    estate, has the authority to prosecute or settle the cause of action. *See* 11 U.S.C. § 363.

11        Under Rule 17(a)(3), the court "may not dismiss an action for failure to prosecute in the

12    name of the real party in interest until … a reasonable time has been allowed for the real party in

13    interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution,

14    the action proceeds as if it had been originally commenced by the real party in interest." The

15    district court retains some discretion to dismiss an action where there was no semblance of any

16    reasonable basis for the naming of an incorrect party. *See generally* 6A Charles A Wright, Arthur

17    R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1555, at 415 (2d ed. 1990).

18    However, "there plainly should be no dismissal where 'substitution of the real party in interest is

19    necessary to avoid injustice.'" *Id. See, e.g.*, Fed.R.Civ.P. 15 Advisory Committee Notes (1966)

20    (Rule 17(a) is designed "[t]o avoid forfeitures of just claims").

21

22

23        [2] Defendants point out that re-opening a bankruptcy case does not generally trigger the automatic stay. It also points out that the exact amount of the debt naturally and predictably increases each day, and that that is not "disputed question of fact" precluding summary

24    judgment.

1   The Court agrees that Waldron's substitution as the real party in interest for this claim

2   will avoid potential injustice. As Chapter 7 bankruptcy trustee, he is entitled to all property

3   interests included in the Frees' estate. He played no role in the Frees' failure to disclose the claim

4   in their Chapter 7 bankruptcy case. Only the bankruptcy trustee, as representative of the estate,

5   has the authority to prosecute or settle the cause of action. *See* 11 U.S.C. § 363. Waldron's

6   motion to substitute as the real party in interest [Dkt. #56] is therefore **GRANTED**. The parties

7   should be clear, however, that this Order does not excuse the Frees' apparently intentional failure

8   to disclose these claims. They used the same attorney throughout, which makes the Court

9   skeptical of their claim the failure was a mistake.

10   The trustee's response to the pending motion does not address the defendants' remaining

11   arguments, which are persuasive. The Trustee should file a supplemental response to the pending

12   motions addressing all of the remaining issues raised by December 22. Any reply should be filed

13   by December 27.  The Motion for Summary Judgment [Dkt. #49] is **RE-NOTED** for December

14   27.

15   The Frees' motion for a continuance of oral argument [Dkt. #58] is **DENIED** as moot—

16   the Court has not and likely will not schedule oral argument on the motion.

17   IT IS SO ORDERED.

18   Dated this 14th day of December, 2016.

19

20   Ronald B. Leighton
21   United States District Judge

22

23

24